UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON BRIGHT, KELLEY BRIGHT,
LAUREN WALKER *and all others
similarly situated*

VERSUS

LALUMINA LLC, *et al.*

CIVIL ACTION

20-508-SDD-EWD

**RULING**

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) or, in the Alternative, Motion for a More Definite Statement Under Rule 12(e)*[1] filed by Defendant, LaLumina LLC ("LaLumina"). Plaintiffs Jason Bright, Kelley Bright, and Lauren Walker ("Plaintiffs") filed an *Opposition*[2] to the *Motion*. For the reasons that follow, the Court finds that the *Motion* shall be GRANTED in part, with Plaintiffs given leave to file an *Amended Complaint*.

**I.    BACKGROUND**

LaLumina owns a specialty aluminum refinery on the Mississippi River in Ascension Parish, Louisiana.[3] Plaintiffs, on behalf of themselves and others similarly situated, allege that "dust releases containing excess amounts of aluminum"[4] have emanated from LaLumina's facility, resulting in property damage and fear and fright related to exposure, as well as nuisance and inconvenience.[5] In LaLumina's view, the

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 8.
[3] Rec. Doc. No. 6-1, p. 1.
[4] Rec. Doc. No. 1-2, p. 3.
[5] *Id.* at p. 4-5.

65102

allegations in Plaintiffs' *Complaint* are vague and fail to state a valid claim. Specifically, LaLumina contends that Plaintiffs' claims are prescribed, because the only dust release that they plead with specificity occurred in December 2018, more than a year before this suit was filed in June 2020.[6] Plaintiffs disagree, noting that their *Complaint* also alleges a dust release "occurring as late as April 2020."[7] In any event, Plaintiffs argue, they have adequately pled a continuing tort such that any and *all* dust releases, even those that would otherwise be prescribed, are validly included in their claim.

In addition to prescription, LaLumina complains that Plaintiffs do "not allege facts. . .as to the nature or duration of the damages to show that it raises [sic] to the level of nuisance and is not mere inconvenience, of which some amount is to be tolerated by neighbors."[8] Assessing the nature and extent of Plaintiffs' damages is no easy task, LaLumina argues, due to the absence of allegations regarding where, exactly, Plaintiffs live, whether they own their property, or any fact that could answer the question: "What impact did the dust event have on Plaintiffs' enjoyment of their property?"[9] LaLumina asserts that the sparse and ambiguous allegations are especially problematic because Plaintiffs intend to seek class certification, and the *Complaint* in its current form is not sufficient to facilitate consideration of the requirements of Rule 23. Having reviewed the *Complaint*, the parties' briefs, and the applicable law, the Court largely agrees with LaLumina, for the reasons explained below.

---

[6] Rec. Doc. No. 6-1, p. 3.
[7] Rec. Doc. No. 1-2, p. 3.
[8] Rec. Doc. No. 6-1, p. 5 (citing *Inabnett v. Exxon Corp.,* 642 So. 2d 1243 (La. 9/6/94)).
[9] *Id.*

65102

## II. LAW

1. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16] "Furthermore, while the

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.

court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### 2. Prescription and Continuing Torts[19]

"In Louisiana, contract claims have a ten-year statute of limitations unless legislation states otherwise, and tort claims have a one-year limitations period."[20] The nature of the breached duty determines whether the claim sounds in tort or contract.[21] Contract damages "flow from the breach of a special obligation contractually assumed by the obligor, whereas [tort damages] flow from the violation of a general duty owed to all persons."[22]

"For the purpose of determining when prescription starts to run, Louisiana distinguishes between injuries resulting from continuous operating causes and those that result from discontinuous operating causes."[23] In *Hogg v. Chevron USA, Inc.,* the Louisiana Supreme Court instructed that:

> When the operating cause of the injury is continuous, giving rise to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the corresponding action is barred, upon the passage of one

---

[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[19] This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs allege that they are domiciled in Louisiana and that Defendant LaLumina is "a limited liability corporation domiciled in Virginia." (Rec. Doc. No. 1-2, p. 3). Federal courts sitting in diversity apply the substantive law of the forum state; thus, Louisiana law governs here.
[20] *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020)(citing La. Civ. Code art. 3499 and art. 3492).
[21] *Id.*, citing *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993).
[22] *Id.* quoting *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062, 1067 (La. 2019).
[23] *Young v. United States*, 727 F.3d 444, 447–48 (5th Cir. 2013).

year from the day the owner acquired, or should have acquired, knowledge of the damage.[24]

In *Crump v. Sabine River Authority*, the Louisiana Supreme Court explained that "a continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act."[25] "The inquiry is essentially a conduct-based one, asking whether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts."[26]

### III.   ANALYSIS

Plaintiffs allege that LaLumina is liable under Louisiana Civil Code articles 667-669; these articles describe duties sounding in tort. Plaintiffs do not dispute that their claim is a tort claim or that the one-year prescriptive period for tort claims is applicable here.[27] But they contend that their claim is not prescribed, for two reasons. First, they assert that because their original *Petition for Damages* was filed on June 25, 2020, "any release that occurred from June 25, 2019 to present is a timely tort claim."[28]

The *Complaint* refers to two dust releases – one that allegedly occurred "on or about December 3, 2018,"[29] and another occurring "as late as April 2020."[30] The first release occurred more than a year before Plaintiffs filed suit and is necessarily prescribed, barring the application of the continuing tort doctrine. Plaintiffs argue that the second release cannot be prescribed, since it is alleged to have occurred "as late as April 2020."[31] Here, the lack of precision in Plaintiffs' *Complaint* is problematic. Although it can be surmised that by "as late as April 2020," Plaintiffs mean to say that the second dust

---

[24] *Hogg v. Chevron USA, Inc.,* 2009-2632 (La. 7/6/10), 45 So. 3d 991, 1003.
[25] *Crump v. Sabine River Auth.,* 98-2326 (La. 6/29/99), 737 So. 2d 720, 728.
[26] *Hogg v. Chevron USA, Inc.,* 2009-2632 (La. 7/6/10), 45 So. 3d 991, 1003.
[27] *See* Rec. Doc. No. 8, p. 2.
[28] *Id.*
[29] Rec. Doc. No. 1-2, p. 4.
[30] *Id.* at p. 3.
[31] *Id.*

65102

release occurred *in or around* April 2020, in fact, the plain meaning of their words is that that the second release could have occurred at literally any time before April 2020. As such, their allegation does not plausibly allege a timely claim.

Nor do Plaintiffs offer allegations to support their second argument -- that the continuing tort doctrine should apply to allow claims arising out of dust releases *prior* to June 25, 2019 (one year before suit was filed on June 25, 2020). LaLumina cites several on-point cases from Louisiana courts for the proposition that the damage suffered by Plaintiffs must be, as the name of the doctrine suggests, continuous.[32] "Separate and distinct"[33] incidents that give rise to particular damages from each individual occurrence are not continuing torts. There are no facts or allegations in the *Complaint* to suggest that there was a continuous series of releases from LaLumina of which the December 2018 and April 2020 releases were only examples, or continuous damages. In fact, although the *Complaint* describes two instances, only the December 2018 release is described with any detail. Of the second alleged release, the *Complaint* offers only that it occurred, and that it occurred sometime before April 2020. Plaintiffs have not sufficiently alleged a continuing tort. In their *Opposition*, they offer only the conclusory assertion that their "damages is continuous" [sic] and that "this is a continuing tort."

The Court also credits LaLumina's argument that Plaintiffs' claims lack the specificity required to survive a motion to dismiss. As LaLumina outlines in its motion, the following areas in particular are lacking:

> specific facts regarding dates of alleged releases other than December 3, 2018, particular facts as to how the plaintiffs suffered property damage and to what extent, facts regarding the extent of mental anguish (if any), or what

---

[32] *Risin v. D.N.C. Invs., L.L.C.,* 921 So. 2d 133, 138 (La App 4th Cir. 12/05/2005); *South Cent. Bell Tel. Co. v. Texaco, Inc.,* 418 So.2d 531 (La. 1982).
[33] *Hunter v. Tensas Nursing Home*, 743 So. 2d 839, 843 (La. App. 2nd Cir. 10/27/1999).

other "multiple other gases and toxic materials" other than aluminum dust the plaintiffs allege caused harm.[34]

Plaintiffs assert that their *Complaint* is sufficient because it alleges that LaLumina "negligently released dust containing aluminum on their property that caused the damages."[35] The Court disagrees. Plaintiffs' extremely sparse facts, followed by the conclusory allegation that "Defendants are liable to plaintiffs under LSA-C.C. art. 667-669" does not meet the 12(b)(6) standard, which requires the Plaintiff to show "more than a sheer *possibility* that the defendant has acted unlawfully."[36]

Overall, the Court finds that LaLumina's *Motion to Dismiss* should be granted. The imprecise language used to describe the date of the second alleged dust release fails to plausibly state a timely claim, and Plaintiffs do not plead enough facts to enable the Court to conclude that there is a plausible basis for the application of the continuing tort doctrine. Moreover, taken as a whole, the *Complaint* is vague and does not, without additional factual allegations, state a claim for more than a possibility of liability by LaLumina.

Federal Rule of Civil Procedure 15(a) applies to determine whether leave to amend the *Complaint* should be granted or denied. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[37] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment

---

[34] Rec. Doc. No. 6-1, p. 6.
[35] Rec. Doc. No. 8, p. 4.
[36] *Iqbal*, 556 U.S. at 678 (emphasis added).
[37] See, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments ... evinces a bias in favor of granting leave to amend").

65102

...."[38] Plaintiffs have not yet had an opportunity to amend. Finding no evidence of delay or bad faith, the Court concludes that Plaintiffs shall have leave to amend their *Complaint* to correct the deficiencies raised in this Court's *Ruling*.

## IV.    CONCLUSION

For the reasons discussed above, LaLumina's *Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)*[39] is hereby GRANTED and Plaintiffs' claims dismissed without prejudice. Plaintiffs shall file an *Amended Complaint*, if any, within 30 days of the date of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 27, 2021.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[38] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[39] Rec. Doc. No. 6.

65102